MDR

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| John E. James, III, ) | No. CV 1-07-880-RCC |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| A.K. Scribner, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This case was reassigned to the undersigned judge on November 24, 2008.  Plaintiff John E. James, III, who is confined in the California Correctional Institution in Tehachapi, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). The Court will order Defendants Swaim, Valdez, Edmond, Athey, Barron, Correia, Melo, Herndandez, and Sunderland to answer Plaintiff's First Amendment retaliation claim, Eighth Amendment excessive force claim, and Eighth Amendment deliberate indifference claims. The Court will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

**JDDL**

28

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.

2  28 U.S.C. § 1915A(b)(1), (2).

3  **II.    Complaint**

4      In his five-count Complaint, Plaintiff sues the following Defendants: Lieutenants

5  M.A. Melo and E. Mazon-Alec; Officers R. Athey, E. Barron, K. Edmond, T. Swaim, and

6  I.G. Valdez; "M.T.A." R. Hernandez; Sergeants M. Correia and C. Galaviz; Registered Nurse

7  Sunderland; Chief of Inmate Appeals N. Grannis; Captain R. Vella; "CDW" D.D. Sheppard-

8  Brooks, "A.W." D. Ortiz; and Warden A.K. Scribner.

9      Plaintiff alleges violations of his First and Eighth Amendment rights.  He raises five

10  counts: (1) excessive force, (2) deliberate indifference and conspiracy, (3) retaliation,

11  (4) denial of any available administrative remedies, and (5) medical deliberate indifference.

12  He seeks monetary damages.

13      Plaintiff's disjointed factual narrative is difficult to follow.  He contends that the day

14  after he filed a staff complaint, Defendants Barron, Edmond, and Athey retaliated against

15  him for filing the complaint.  He alleges that (1) Defendant Athey gave Plaintiff a

16  "completely illogical order" with which it was impossible for Plaintiff to comply,

17  (2) Defendant Athey contacted Defendants Barron and Edmond, and (3) Defendants Edmond

18  and Barron engaged in excessive force by spraying pepper spray into Plaintiff's eye "at

19  extremely close range; without just cause" and then physically assaulting him by banging his

20  forehead numerous times into the cement.

21      Plaintiff claims that, after the pepper spray incident, Defendants Edmond, Athey,

22  Barron, Correia, Melo, Swaim, and Valdez took Plaintiff out of the cellblock, where there

23  was water with which Plaintiff could have washed the pepper spray out of his eyes, in an

24  attempt to "maim[]" Plaintiff.  Plaintiff contends that  Defendants Swaim and Valdez

25  "violently" escorted Plaintiff out of the building and, when Plaintiff requested medical

26  attention and decontamination, Defendants Swaim and Valdez denied him medical attention,

27  called him names, laughed as he "burned in pain," and locked Plaintiff in a holding cell in

28  the medical building.  Shortly thereafter, Defendants Swaim and Valdez escorted Plaintiff

to another building for a decontamination shower, but during the process, Defendant Swaim threatened Plaintiff and made racial slurs.

Plaintiff alleges that when he was in the medical building, he was screaming in pain and begging the medical staff for medical assistance, but Defendants Hernandez and Sunderland refused to treat him and refused to treat his head injuries. Plaintiff also claims they refused to document his injuries as part of a conspiracy to cover up the assault.

Plaintiff alleges that he temporarily lost vision in his eye from the pepper spray and failure to allow him to timely decontaminate and that he suffered from pressure burns in his eye, an eye infection, intermittent blurry vision, and migraine headaches.

Plaintiff also asserts that, while he was locked in a holding cell, he overheard Defendant Correia informing Defendant Barron to place information that Plaintiff claims is false in her report of the incident. Plaintiff claims that the staff conspired to assault Plaintiff and to file false criminal charges against him.

Plaintiff next contends that he filed a staff complaint regarding the pepper spray incident, but "[p]rison officials intentionally 'miscat[e]gorized'" his allegation, in violation of the California Department of Corrections and Rehabilitation's (CDCR) Department Operations Manual, so that the matter was investigated internally rather than by an external investigative agency. He claims the failure to conduct the proper investigation constitutes deliberate indifference and a conspiracy to cover up excessive force and medical deliberate indifference.

Plaintiff also contends that Defendant Galaviz's review of Plaintiff's complaint violated the California Code of Regulations and was further evidence of a conspiracy because Defendant Galaviz was involved in investigating the incident. Plaintiff asserts that Defendants Sheppard-Brooks, Vella, and Ortiz were "deliberately indifferent, & conspired to cover up excessive force[] against Plaintiff" because they reviewed and approved Defendant Galaviz's "illegal review" of the incident, "had knowledge of allegations Plaintiff raised in this matter," and "failed to take any corrective action." Finally, Plaintiff claims that his third-level appeal was incorrectly denied as being untimely and that a variety of CDCR

1  officials, including Defendant Grannis, "conspir[ed] to deny Plaintiff any available
2  [administrative remedies]" to prevent Plaintiff "from seeking civil relief, causing a chilling
3  effect of Plaintiff's 1st Amend[ment] Right."

4  **III.    Claims for Which an Answer Will be Required**

5        Very liberally construed, Plaintiff has stated a First Amendment retaliation claim
6  against Defendants Athey, Barron, and Edmond; an Eighth Amendment excessive force
7  claim against Defendants Barron and Edmond; and Eighth Amendment deliberate
8  indifference claims against Defendants Swaim, Valdez, Edmond, Athey, Barron, Correia,
9  Melo, Herndandez, and Sunderland.  Therefore, the Court will require these Defendants to
10 answer these claims in the Complaint.

11 **IV.    Failure to State a Claim**

12        **A.    Failure to Link Defendant with Injuries**

13        To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
14 injury as a result of specific conduct of a defendant and show an affirmative link between the
15 injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377
16 (1976).  To state a claim against a supervisory official, the civil rights complainant must
17 allege that the supervisory official personally participated in the constitutional deprivation
18 or that the supervisory official was aware of widespread abuses and, with deliberate
19 indifference to the inmate's constitutional rights, failed to take action to prevent further
20 misconduct.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.
21 List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);
22 see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92
23 (1978).  There is no respondeat superior liability under § 1983, and therefore, a defendant's
24 position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
25 does not impose liability.  Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

26        Plaintiff makes no allegations against Defendant Mazon-Alec and, therefore, the Court
27 will dismiss Defendant Mazon-Alec.  The only allegation against Defendant Scribner is that
28 Plaintiff requested in his post-pepper spray staff complaint that Defendant Scribner "be

1    notified of Plaintiff[']s allegations in this matter; & order an investigation into it.

2    [Defendant] Scribner[] failed to take the appropriate action in this matter." This is

3    insufficient to establish a link between Plaintiff's injuries and specific conduct by Defendant

4    Scribner.  Therefore, the Court will dismiss Defendant Scribner.

5         **B.    Conspiracy**

6         Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519,

7    520-21 (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v.</u>

8    <u>Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

9    a liberal interpretation of a civil rights complaint may not supply essential elements of the

10   claim that were not initially pled. <u>Id</u>.

11        To state a conspiracy claim, a plaintiff must allege "(1) the existence of an express or

12   implied agreement among the defendant officers to deprive him of his constitutional rights,

13   and (2) an actual deprivation of those rights resulting from that agreement." <u>Ting v. United</u>

14   <u>States</u>, 927 F.2d 1504, 1512 (9th Cir. 1991).

15        Plaintiff has presented only conclusory allegations of conspiracy. This is insufficient.

16   <u>See</u> <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir.) (court need not "accept

17   as true allegations that are merely conclusory, unwarranted deductions of fact, or

18   unreasonable inferences"), <u>amended on other grounds</u>, 275 F.3d 1187 (9th Cir. 2001); <u>see</u>

19   <u>also</u> <u>Woodrum v. Woodward County, Okl.</u>, 866 F.2d 1121, 1126 (9th Cir.1989) (conclusory

20   allegations of conspiracy did not support a § 1983 claim); <u>Karim-Panahi v. Los Angeles</u>

21   <u>Police Dep't</u>, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without

22   factual specificity is insufficient.").   Therefore, the Court will dismiss Plaintiff's claims of

23   conspiracy.

24        **C.    Administrative Remedies**

25        Although prisoners have a First Amendment right to petition the government for a

26   redress of grievances and have a First Amendment right to file prison grievances, <u>Rhodes v.</u>

27   <u>Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005),  "[t]here is no legitimate claim of entitlement

28   to a grievance procedure." <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).  The failure

1  to follow grievance procedures does not give rise to a § 1983 claim.  <u>See</u> <u>Flournoy v.</u>

2  <u>Fairman</u>, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a

3  substantive right enforceable under § 1983); <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D.

4  Mo. 1986) (violations of grievance system procedures does not deprive inmates of

5  constitutional rights).  "The right to petition the government for redress of grievances . . .

6  does not guarantee a favorable response, or indeed any response, from state officials.

7  Moreover, the First Amendment's right to redress of grievances is satisfied by the availability

8  of a judicial remedy."  <u>Baltoski v. Pretorius</u>, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003).  <u>See</u>

9  <u>also</u> <u>Ashann-Ra v. Virginia</u>, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (an institution's

10  failure to comply with state's grievance procedures is not actionable under § 1983 and does

11  not compromise an inmate's right of access to the courts).

12  　　　　Therefore, the Court will dismiss without prejudice Plaintiff's claims regarding his

13  administrative grievances, including his allegations regarding miscategorization of his staff

14  complaint; Defendant Galaviz's review of Plaintiff's staff complaint; Defendants Sheppard-

15  Brooks, Vella, and Ortiz's review of Defendant Galaviz's review; and Defendant Grannis's

16  denial of the third-level appeal.

17  **V.     Warnings**

18  　　　　**A.     Address Changes**

19  　　　　Plaintiff must file and serve a notice of a change of address in accordance with Rule

20  83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include

21  a motion for other relief with a notice of change of address.  Failure to comply may result in

22  dismissal of this action.

23  　　　　**B.     Copies**

24  　　　　Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

25  LRCiv 5-133(d)(2).  Failure to comply may result in the filing being stricken without further

26  notice to Plaintiff.

27  . . . .

28  . . . .

1      **C.      Possible Dismissal**

2          If Plaintiff fails to timely comply with every provision of this Order, including these

3   warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

4   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

5   comply with any order of the Court).

6   **IT IS ORDERED:**

7          (1)     Plaintiff's claims regarding conspiracy and the denial of his administrative

8   remedies are **dismissed** without prejudice.

9          (2)     Defendants Scribner, Mazon-Alec, Galaviz, Grannis, Vella, Sheppard-Brooks,

10  and Ortiz are **dismissed** without prejudice.

11         (3)     Defendants Swaim, Valdez, Edmond, Athey, Barron, Correia, Melo,

12  Herndandez, and Sunderland must answer Plaintiff's First Amendment retaliation claim,

13  Eighth Amendment excessive force claim, and Eighth Amendment deliberate indifference

14  claims.

15         (4)     The Clerk of Court must send Plaintiff a service packet including the

16  Complaint (Doc. #1), this Order, a Notice of Submission of Documents form, an instruction

17  sheet, and copies of summons and USM-285 forms for Defendants Swaim, Valdez, Edmond,

18  Athey, Barron, Correia, Melo, Herndandez, and Sunderland.

19         (5)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and

20  return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit

21  with the Notice of Submission of Documents: a copy of the Complaint for each Defendant,

22  a copy of this Order for each Defendant, a completed summons for each Defendant, and a

23  completed USM-285 for each Defendant.

24         (6)     Plaintiff must not attempt service on Defendants and must not request waiver

25  of service.  Once the Clerk of Court has received the Notice of Submission of Documents and

26  the required documents, the Court will direct the United States Marshal to seek waiver of

27  service from each Defendant or serve each Defendant.

28

JDDL                                          - 7 -

1    (7)    **If Plaintiff fails to return the Notice of Submission of Documents and the**
2  **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
3  **must, without further notice, enter a judgment of dismissal of this action without**
4  **prejudice.**  <u>See</u> **Fed. R. Civ. P. 41(b).**

5    DATED this 16th day of January, 2009.

6

7

8   _____
            Raner C. Collins
9          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28