MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John E. James, III, | No. CV 1-07-880-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| A.K. Scribner, et al., | |
| Defendants. | |

**I.  Background**

In a January 16, 2009 Order, the Court instructed the Clerk of Court to send Plaintiff a service packet including the Complaint, the Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Swaim, Valdez, Edmond, Athey, Barron, Correia, Melo, Herndandez, and Sunderland.  The Court gave Plaintiff 30 days to complete and return to the Clerk of Court the Notice of Submission of Documents and informed Plaintiff that he must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of the Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

On February 10, 2009, Plaintiff filed a Motion Requesting a Thirty (30) Day Time Extension, in which he sought a 30-day extension of time to comply with the Court's Order.

JDDL

1 In a March 4, 2009 Order, the Court granted Plaintiff's Motion and provided him with an
2 additional 30 days to comply with the Court's Order.

## II. Pending Motion

On March 11, 2009, Plaintiff filed a "Motion for Time Extension" (Doc. #16) and attached a Motion for Preliminary Injunction.

In his Motion for Time Extension, Plaintiff claims he has still been unable to obtain the copies that the Court ordered him to provide with the Notice of Submission of Documents. He claims that employees of the California Department of Corrections and Rehabilitation have been "deliberately indifferent, & or conspiring together under 'green wall' corruption to deny court access." He requests that the Court extend the time to comply with the Court's January 16th Order for "<u>not</u> less th[a]n (30) days" and "indef[ini]te[ly], pending the outcome of the Court[']s decis[]ion" regarding his Motion for Preliminary Injunction.

In his Motion for Preliminary Injunction, Plaintiff claims that he has done everything possible to comply with the Court's Order, but prison officials have refused to provide the necessary copies and have attempted to thwart Plaintiff's ability to comply with the Court's Order. Plaintiff seeks a Court order directing prison officials to "cease the obstruction of Plaintiff's library/court access," provide Plaintiff with four hours per week of library access, cease "har[]assment of plaintiff; in any form-fashion," and provide Plaintiff with "indigent postage." He also requests that the Clerk of Court to provide him with a copy of his motion.

## III. Discussion

The Court will grant Plaintiff's Motion for Time Extension. The Court will grant Plaintiff 45 days from the date this Order is signed to comply with the Court's January 16th Order.

The Court will deny Plaintiff's Motion for Preliminary Injunction. Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief. <u>See</u> <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008) (to obtain a preliminary injunction, the moving party must show "that he is likely to succeed on

1  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
2  the balance of equities tips in his favor, and that an injunction is in the public interest"); see
3  also <u>Environmental Council of Sacramento v. Slater</u>, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.
4  2000) (the moving party has the burden of proof on each element of the test). This failure
5  is especially apparent in light of the fact that the Court is granting Plaintiff's request for an
6  extension of time.

**If necessary, the Court will take steps to ensure that its ability to hear this case is not hampered. At this point, however, the Court believes that intervention is not necessary. The Court expects that prison officials will not further hinder Plaintiff's ability to comply with the Court's January 16, 2009 Order. <u>Plaintiff should provide a copy of this Order to prison officials when he requests the copies necessary to comply with the Court's January 16, 2009 Order</u>.**

**IV.  Warnings**

**A.  Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.  Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u> LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1) Plaintiff's March 11, 2009 Motion for Time Extension (Doc. #16) is **granted**.

(2) Plaintiff's Motion for Preliminary Injunction, attached to his Motion for Time Extension, is **denied**.

(3) Within **45 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of January 16, 2009 Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(4) **Plaintiff must not attempt service on Defendants and must not request waiver of service**. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(5) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 45 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

(6) The Clerk of Court **must send** Plaintiff a copy of his Motion for Time Extension (Doc. #16).

DATED this 17th day of March, 2009.

Raner C. Collins
United States District Judge