IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOHN JAMES III, | No. CV 07-880-TUC-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| A.K. SCRIBNER, et al., | |
| Defendants. | |

Pending before the Court is the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies. The Motion has been fully briefed and suitable for disposition without oral argument. Also, pending before the Court is the Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order, the Defendants have not responded.

Defendants' Motion to Dismiss

The Defendants argue the Court should dismiss the Plaintiff's Complaint because the Plaintiff failed to timely exhaust his administrative remedies. It is undisputed that the Petitioner timely filed a second appeal on September 6, 2005 and did not file for a third and final level of review until January 11, 2006.

The Plaintiff contends that the second level appeal was denied on October 7, 2005 and returned to the Plaintiff on October 13, 2005. The Plaintiff had fifteen days of receiving the

1  unacceptable lower level appeal decision to appeal to the next level. Cal. Code Regs. Tit. 15,
2  Sec. 3084.6(c) (2009).

3  The Defendants provide the signature of a warden/superintendent that the appeal was
4  returned on October 13, 2005 and a statement from the appeals staff that states after talking
5  to Tiffany Jones there were no circumstances in which the appeal was not delivered until
6  January 2006.

7  However, the Plaintiff claims that he did not receive the decision until January 10,
8  2006 and in addition to his statement he presents the signature of Correctional Officer
9  Apodaca that the appeal was delivered in January 2006.

10  Failure to exhaust is an affirmative defense which the defendant has the burden of
11  pleading and proving. *Jones v. Bock*, 549 U.S. 199, 211-12 (2007). Affirmative defenses
12  are properly considered on summary judgment. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d
13  978, 984 (9th Cir. 2008). The Court will use the summary judgment standard to determine
14  if the Court can grant the Defendants' Motion to Dismiss. Summary judgment is appropriate
15  when there is no genuine issue of material fact and the movant is entitled to judgment as a
16  matter of law. Fed. R. Civ. P. 56(c). The Plaintiff has raised a material fact in dispute as to
17  whether he timely appealed to the third level. The Defendants did not attack the credibility
18  of the Plaintiff's evidence. The Defendants argued that when the Defendants' evidence is
19  weighed against the Plaintiff's evidence no reasonable trier of fact could find for the
20  Plaintiff. The Court disagrees and if the case goes to trial, the trier of fact will determine
21  both whether the Plaintiff properly exhausted his administrative claims and the merits of the
22  Plaintiff's claim.

23  <u>Plaintiff's Motion for Preliminary Injunction or Motion for a Temporary Restraining Order</u>

24  The Plaintiff alleges that correction officers have placed a "hit" against the Plaintiff.
25  The Plaintiff seeks to be removed from California Department of Corrections and
26  Rehabilitations custody. The Plaintiff alleges he has been tortured by these correctional
27  officers and has been threatened. The Plaintiff only presents his affidavit as evidence. The
28

1  Plaintiff also asserts that he has been seeking injunctive relief for this problem for the past
2  six years.
3      A preliminary injunction is appropriate if the Plaintiff has demonstrated the likelihood
4  of success on the merits and the possibility of irreparable injury or serious questions going
5  to the merits and the balance of hardships tips sharply in the Plaintiff's favor. *Clear Channel*
6  *Outdoor Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003).
7      The Plaintiff's admissions that he has been alleging the same potential harm for six
8  years negates the need for a preliminary injunction to stop the alleged irreparable injury or
9  that the balance of hardships tips sharply in his favor. Therefore, the Court need not further
10 examine the Plaintiff's Motion.
11     Consistent with the discussion above IT IS HEREBY ORDERED the Defendants'
12 Motion to Dismiss (Docket No. 29) is DENIED.
13     IT IS FURTHER ORDERED the Plaintiff's Motion for Preliminary Injunction and/or
14 Temporary Restraining Order (Docket No. 30) is DENIED.
15     DATED this 27th day of July, 2009.

_____
Raner C. Collins
United States District Judge