IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| John E. James, III, | No. CV 07-880-TUC-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| A.K. Scribner, et al., | |
| Defendants. | |

Plaintiff, John James, a state prisoner proceeding pro se in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint states that the allegations therein are based on instances that occurred at Kern Valley State Prison (KVSP) in Tehachapi, California. Pending before this Court are Plaintiff's motions for temporary restraining order and/or preliminary injunction. (Dkt. # 45, 55, 61-62).

Background

In all four motions, James asserts that while incarcerated at Kern Valley State Prison (KVSP), he was subjected to harassment and retaliation for prosecuting this action. He alleges these offenses were committed by non-party CDCR employees and KVSP prison officials. James requests the Court order: (1) his transfer out of CDCR custody into federal custody for the remaining thirteen months of his sentence; (2) his transfer out of KVSP to a

1  different CDCR institution; (3) that CDCR staff stop harassing him; (4) the CDCR Secretary
2  to issue in writing a correspondence and/or memorandum guaranteeing that James will not
3  be harassed by CDCR staff again; (5) that James receive medical treatment for his "scabies"
4  itching; and (6) that the physical evidence attached to James's motion that he claims contains
5  scabies and food infected with Swine flu be tested. On May 17, 2010, James filed a notice
6  of change of address showing that he is now incarcerated at Pleasant Valley State Prison
7  (PVSP) in Delano, California. (Dkt. #70).

8  In their response, Defendants claim that James's requests for injunctive relief are (1)
9  moot because James is no longer housed at KVSP and (2) outside this Court's jurisdiction
10 because the staff James complains about are not parties to this action.

11 For the reasons set forth below, the Court will deny the motions.

12 Discussion

13 To obtain a preliminary injunction, the movant must show "that he is likely to succeed
14 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
15 that the balance of equities tips in his favor, and that an injunction is in the public interest."
16 *Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). A preliminary
17 injunction is an extraordinary and drastic remedy and "one that should not be granted unless
18 the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*,
19 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane,
20 *Federal Practice and Procedure* § 2948, pp. 129-130 (2d ed. 1995)).

21 Federal courts are courts of limited jurisdiction and in considering a request for
22 preliminary injunctive relief, the Court is bound by the requirement that as a preliminary
23 matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S.
24 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983). Requests for prospective relief are
25 further limited by 18 U.S.C. §3626(a)(1)(A) of the Prison Litigation Reform Act, which
26 requires that the Court find the "relief [sought] is narrowly drawn, extends no further than
27 necessary to correct the violation of the Federal right, and is the least intrusive means
28 necessary to correct the violation of the Federal right."

The events at issue in this action occurred while Plaintiff was housed at KVSP. Plaintiff is now housed at PVSP. It appears that the subject motions were aimed at remedying Plaintiff's conditions of confinement at KVSP. Since Plaintiff is no longer housed at KVSP, any such motions seeking injunctive relief for his conditions at KVSP are moot. Villegas v. White, 61 F.3d 914 (9th Cir. 1995) (*citing* Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)).

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Temporary Restraining Order and/or Preliminary Injunction (Dkt. # 45, 55, 61-62) are **denied as moot**.

DATED this 28th day of May, 2010.

_____
Raner C. Collins
United States District Judge