IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| John James, III, | No. CV 07-880-TUC-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| A.K. Scribner, et al., | |
| Defendants. | |

Pending before this Court is Plaintiff's motion to communicate with witnesses (Dkt. # 54) and Plaintiff's motion for appointment of counsel (Dkt. #59). For the reasons set forth below, the Court will deny Plaintiff's motions.

<u>Motion to Communicate with Witnesses</u>

Inmates may only correspond with one another if they obtain written authorization form the appropriate prison officials. Cal.Code Regs., tit. 15 § 3139 (2010). The Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order Plaintiff be allowed to correspond with his witnesses. *E.g. City of Los Angeles v. Lyons*, 461 U.S. 95, 102; *Jones v. City of Los Angeles*, 444 F.3d 1118, 1126 (9th Cir. 2006). However, the Court will request that Plaintiff and his inmate witnesses be authorized to correspond if the Court is satisfied that the witnesses possess actual knowledge of relevant

facts. Plaintiff is required to make that showing with respect to each witness, and may not rely on conclusory assertions that the witnesses possess relevant knowledge.

Here, Plaintiff has not made the requisite showing with respect to his witnesses. In his motion, Plaintiff does not include the names of his inmate witnesses nor does he provide the Court with a factual showing that these potential witnesses possess actual knowledge of relevant facts. Plaintiff may renew his motion for the Court's assistance in facilitating communication with his inmate witnesses, supported by a factual showing that the witnesses possess actual knowledge. If Plaintiff chooses to renew his motion, he must do so within 30 days from the date of service of this order. A motion filed after that date will not be considered, unless a timely extension of time is sought by Plaintiff.

And finally, under no circumstances will this Court request Plaintiff be permitted to correspond with other inmates shielded entirely from review or oversight by prison officials. If Plaintiff renews his motion and makes the requisite showing, prison official are entitled to and will be notified that they may fashion the procedure for the exchange of documents so as to ensure the safety and security of the institutions at which Plaintiff and the other inmates are housed.

<u>Motion for Appointment of Counsel</u>

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298. However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915 (e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Circumstances that are common to most prisoner, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In this case, the Court does not find the required exceptional circumstances for appointment of counsel. Plaintiff's case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court does not find that Plaintiff cannot adequately articulate his claims.

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Communicate with Witnesses (Dkt. #54) is **denied without prejudice**. Plaintiff may filed a renewed motion within **30 days** from the date of service of this order.

2. Plaintiff's motion for appointment of counsel (Dkt. # 59) is **denied**.

DATED this 28th day of May, 2010.

Raner C. Collins
United States District Judge