IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| John James III, | No. CV 07-880-TUC-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| A.K. Scribner, et al., | |
| Defendants. | |

Pending before this Court is Plaintiff's Motion to Compel (Dkt. # 60), Motion to Amend Complaint (Dkt. # 52), and "Pictures" Motion (Dkt. # 53). Plaintiff's motion to compel requests a Court order requiring Defendants to produce documents, answer interrogatories, and make admissions relevant to this litigation. His motion to amend requests Court leave to add claims and defendants to his Complaint. And finally, his "Pictures" motion requests a review of Defendant's "case file histories." For the reasons set forth below, Plaintiff's motions are denied.

<u>Motion to Compel</u>

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. FED.R.CIV.P. 37(a)(2)(3). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

1   Plaintiff's motion is procedurally deficient. Plaintiff's motion is only comprised of a series
2 of allegations, numbered 1 through 12. Plaintiff also includes as attachments some of the discovery
3 requests propounded upon Defendants. In his motion, Plaintiff does not contest specific discovery
4 responses and fails to present critical facts that would allow the Court to evaluate whether
5 Defendants' objections were justified. Rather, he simply lists documents he claims Defendants have
6 refused to produce and summarily argues that Defendants failed to answer interrogatories and
7 admissions truthfully.

8   At a minimum, as the moving party Plaintiff has the burden of informing the Court (1) which
9 discovery requests are the subject of his motion to compel; (2) which of Defendants' responses are
10 disputed; (3) why he believes Defendants' responses are deficient; (4) why Defendants' objections
11 are not justified; and (5) why the information he seeks through discovery is relevant to the
12 prosecution of this action. *See e.g.*, *Brooks v. Alameida*, 2009 WL 331358 at *2 (E.D.Cal. Feb. 10,
13 2009); *Ellis v. Cambra* 2008 WL 860523 at *4 (E.D.Cal. Mar. 27, 2008). While it is true that the
14 Court does not hold litigants proceeding pro se to precisely the same standards that it holds
15 attorneys, Plaintiff still bears the burden of describing why a defendant's particular response is
16 inadequate. The Court will not make his arguments for him.

17   Although Plaintiff's motion to compel will be denied based on its procedural deficiency, the
18 Court makes note of certain issues based on a review of Plaintiff's motion and Defendants' response.
19 To the extent Plaintiff is requesting documents/photographs he believes are missing from his prison
20 central file after taking part in an Olsen review, Defendants are not required to produce
21 documents/photographs that Plaintiff has equal access to. An Olsen review is an administrative
22 procedure which allows an inmate to review his central file ("c-file"). As such, it is a process
23 governed by prison procedures. If there are documents Plaintiff believes are missing from his c-file,
24 the inmate grievance process is the proper avenue for Plaintiff to take in order to locate documents
25 he believes are missing. *See Harnden v. Key*, 2006 WL 3734148 *3 (E.D. Cal.).

26   In addition, Defendants note in their response that they did not respond to Plaintiff's request
27 for documents contained in allegation nos. 5, 6, and 8 because Plaintiff submitted improperly
28 propounded discovery requests by titling these requests as motions. However, upon construing it

1  as a discovery request, Defendants stated in their response their objections to Plaintiff's request for
2  these documents. If Plaintiff chooses to file another motion to compel, he is instructed to review
3  Defendants' stated objections to these requests in order to compose a proper motion that sufficiently
4  explains why Defendants' objections are unwarranted and why he is entitled to these documents.

5  In sum, Plaintiff's motion to compel is too vague and conclusory for the Court to grant him
6  relief at this time. If Plaintiff remains dissatisfied with Defendants' responses to his discovery
7  requests, he may renew his motion to compel. Plaintiff is strongly cautioned that this Court will not
8  entertain a renewed motion that does not comply with the instructions in this order as to the format
9  and content of a proper motion to compel.

10 Motion to Amend Complaint

11 The Federal Rules of Civil Procedure provide that once an answer has been filed, as in this
12 case, a party may amend a pleading only by leave of court or by written consent of the adverse party.
13 FED.R.CIV.P. 15(a). Since Defendants have not consented to Plaintiff amending his complaint, he
14 may only do so by leave of this Court. Although, under Rule 15(a)(2), "[t]he court should freely
15 give leave when justice so requires," and there is a presumption in favor of granting leave to amend,
16 such leave need not be granted where the amendment (1) would prejudice the opposing party; (2)
17 is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Eminence Capital*
18 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (*citing Foman v. Davis*, 371 U.S. 178);
19 *Amerisource Bergen Corp. v. Dialyst West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

20 Plaintiff requests this Court grant him leave to amend his complaint to (1) add as defendants
21 Sergeant C. Galaviz, Lieutenant E. Mazon-Alec, Captain R. Vella Associate Warden D.D. Ortiz, and
22 Warden A.K. Scribner, alleging they violated Plaintiff's due process rights in violation of the Eighth
23 and Fourteenth Amendments; and (2) add medical staff Garcia, Renolds, Johnson, G. Rogers, and
24 Doe medical staff, claiming they violated his medical due process rights in violation of the Eighth
25 and Fourteenth Amendments. In their opposition, Defendants argue prong 4 of the *Foman* test, that
26 Plaintiff's amendment would be futile because he fails to state a claim. This Court agrees.

27    1.   Administrative Remedies

28 Plaintiff alleges Sergeant C. Galaviz, Lieutenant E. Mazon-Alec, Captain R. Vella Associate

1  Warden D.D. Ortiz, and Warden A.K. Scribner violated his rights under the Eighth and Fourteenth
2  Amendments by failing to properly handle the grievance investigation into his excessive force
3  claims.

4  As stated in this Court's January 16, 2009 Order (Doc. # 13), Plaintiff has "no legitimate
5  claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).
6  A failure to follow grievance procedures does not give rise to a § 1983 claim. *See Flourney v.*
7  *Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a
8  substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo.
9  1986) (violations of grievance system procedures does not deprive inmates of constitutional rights).
10 As such, Plaintiff has failed to state a claim against the name prison officials.

11  2.  Medical Deliberate Indifference/Conspiracy

12  Plaintiff further alleges a medical deliberate indifference claim and conspiracy claim against
13  medical staff Garcia, Renolds, Johnson, G. Rogers, and Doe medical staff.  He claims they
14  failed/refused to record, report, and treat the injuries Plaintiff sustained from the alleged excessive
15  force incident and that they conspired to cover up the incident.

16  A prisoner asserting a constitutional claim based on his medical care must allege "acts or
17  omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle*
18  *v. Gamble*, 429 U.S. 79, 106 (1976).  A serious medical need exists if failure to treat the condition
19  could result in further significant injury or the unnecessary and wanton infliction of pain. *McGuckin*
20  *v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v.*
21  *Miller*, 104 F.3d 1133 (9th Cir. 1997).

22  To state a conspiracy claim, a plaintiff must allege "(1) the existence of an express or implied
23  agreement among the defendant[s] to deprive him of his constitutional rights, and (2) an actual
24  deprivation of those rights resulting from that agreement." *Ting v. United States*, 927 F.2d 1504,
25  1512 (9th Cir. 1991).

26  As previously stated by this Court, conclusory and vague allegations will not support a cause
27  of action. *Ivey v. Board Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
28  Rule 8 of the Federal Rules of Civil Procedure requires more than a "blanket assertion" that the

Plaintiff is entitled to relief but a "showing," including factual allegations, sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

In his amendment, Plaintiff simply makes blanket assertions as to the named medical personnel. This is not a sufficient showing to state a claim. Plaintiff fails to state with specificity what actions each of these medical staff members took that give rise to either a medical deliberate indifference claim or a conspiracy claim or allege sufficient facts to support these claims.

"Pictures" Motion

The Court is unclear why Plaintiff filed this motion and must speculate as to his intent. Upon review, the Court believes that Plaintiff is requesting an in camera review of documents in Defendants' personnel files. Discovery is ongoing in this case and the Court sees no reason at this time why an in camera review of these personnel files is necessary. Plaintiff must first utilize the tools of discovery that are available to him before filing a motion requesting court intervention into discovery matters.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Dkt. # 60), Motion to Amend Complaint (Dkt. # 52), and "Pictures" Motion (Dkt. # 53) are **denied without prejudice**.

DATED this 25th day of June, 2010.

_____
Raner C. Collins
United States District Judge