IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| John James III, | ) | No. CV 07-880-TUC-RCC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| A.K. Scribner, et al., | ) | |
| Defendants. | ) | |

    Pending before this Court is Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 101), Motion for Third Party Subpoena (Doc. 103), and Motion for Temporary Restraining Order to Obtain Relief from Non-Party Prison Officials (Doc. 108). For the reasons set forth below, Plaintiff's Motions are denied.

<u>Motion for Preliminary Injunction</u>

    Plaintiff has moved the Court for a preliminary injunction on that grounds that he has been excessively denied court/library access by CDCR prison officials, thereby preventing him from adequately preparing his case. Defendants respond that Plaintiff's motion is moot because he has been provided with library access and has been given the opportunity to copy all documents he has requested. Further, Defendants contend that since Plaintiff has been given Priority Legal User (PLU) status, he is able to use the library subject to occasions when the prison is on lockdown status.

1  A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984). Under the Ninth Circuit standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stromans, Inc. v. Selecky*, 2009 WL 1941550 * 13 (9th Cir. 2009). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and by the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff has failed to show he is entitled to injunctive relief. Plaintiff has failed to make the requisite showing under the *Stromans* test. Moreover, Plaintiff fails to identify the person who is allegedly limiting his access to legal materials nor has he identified what legal materials he has been denied. Upon review of the prison library logs attached to Defendants' response, Plaintiff has been granted access to the law library on a regular basis. Furthermore, the Court notes that "the Constitution does not guarantee a prisoner *unlimited* access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used. *Lindquist v. Idaho state Bd. of Corr.,* 776 F.2d 851, 858 (9th Cir. 1985)(emphasis added).

Additionally, a preliminary injunction is not warranted based on the fact that Plaintiff is not in violation of any court-imposed deadlines, and he does not appear to be having difficulty accessing the Court. Should Plaintiff be denied access to legal materials that are necessary to pursue this action, the proper course of action is to file an administrative grievance at his institution. *See* Cal.Code Regs. Tit. 15, § 3084.1(a) (prisoners may appeal "any department decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare.").

Motion for Third Party Subpoena

- 2 -

In his motion, Plaintiff requests a court-ordered subpoena for the "California Victim Compensation & Government Claims Board . . . to provide [him] with a copy of his B.O.C. claim." Defendants have attached to their response a copy of Plaintiff's BOC claim, as requested in his motion. Therefore, Plaintiff's motion will be denied as moot.

<u>Motion for Temporary Restraining Order</u>

In his motion, Plaintiff has requested a court order prohibiting non-party prison officials from conduction a "retaliatory campaign to harass plaintiff." The Court will construe Plaintiff's motion as a request for a preliminary injunction.

Under FED.R.CIV.P. 65(d), an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." As a general rule, a court may not enter an injunction against persons who are not parties to the case before it. *See Scott v. Donald*, 165 U.S. 107, 117, 17 S.Ct. 262, 265, 41 L.Ed. 648 (1897). Courts have distinguished between entering an injunction against a non-party, which is forbidden, and holding a non-party in contempt for aiding an abetting in the violation of an injunction that has been entered against a party, which is permitted. *Additive Controls & Management Systems Inc v. Flodata Inc.,* 96 F.3d 1390, 1395 (C.A. Fed. Tex. 1996).

Here, Plaintiff is not attempting to enforce a court ordered injunction against non-party, but is seeking to have an injunction entered against non-parties. This is not permitted. If Plaintiff seeks redress for any claims he has against these non-party prison officials, he must file a separate lawsuit against them.

//
//
//
//

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 101), Motion for Third Party Subpoena (Doc. 103), and Motion for

1  Temporary Restraining Order (Doc. 108) are **denied**.

3      DATED this 1st day of October, 2010.

                            Raner C. Collins
                        United States District Judge